IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUBWAY INTERNATIONAL B.V. | : | CASE NO. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PANAYOTA BLETA AND | : | |
| JOHN BLETAS, | : | |
| Defendant | : | October 28, 2010. |

## APPLICATION TO CONFIRM ARBITRATION AWARD

1. This is an action to confirm an Arbitration Award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

2. Plaintiff, Subway International B.V. ("SIBV"), an international franchisor of SUBWAY® sandwich shops, is a Netherlands limited liability corporation with a principal place of business in Amsterdam.

3. Defendants, Panayota Bleta and John Bletas, operated a SUBWAY® restaurant in Greece.

4. This court has jurisdiction under 28 U.S.C. Section 1331 because this is an action to confirm an arbitration award pursuant to the terms of the Convention on the Recognition and Enforcement of Foreign Arbitral Award (New York Convention). The U.S. Federal District Court has jurisdiction as language in the Franchise Agreement allows for confirmation of the Arbitrator's Award in any court having jurisdiction.

5. On March 31, 2004, Plaintiff and Defendant entered into Franchise Agreement 33926 (hereinafter referred to as "Franchise Agreement" or "Agreement") a copy of which is attached as Exhibit A.

6. Pursuant to Paragraph 2 of the Franchise Agreement, Franchisees agreed that they must "…pay us weekly a Royalty equal to eight percent (8%) of the gross sales from the Restaurant and each restaurant you operate throughout the term of this Agreement…"

7. In accordance with Paragraph 5.i. of Franchise Agreement, Franchisees agreed that they must "…pay weekly into the Subway Franchisee Advertising Fund ("SFAFT"), three and one-half percent (3½%) of gross sales of the Restaurant…"

8. Pursuant to Paragraph 10.c. of the Franchise Agreement, "The parties will arbitrate any Dispute the parties do not settle under the discussion procedures above, and any Dispute which this Agreement provides will be submitted directly to arbitration, except as provided in the Agreement. The arbitration will be held in accordance with the United Nations Commission on International Trade Regulations and Law (UNCITRAL) Arbitration Rules administered by an arbitration agency, such as the International Centre for Dispute Resolution, an affiliate of the American Arbitration Association, at a hearing to be held in New York, New York, USA. The arbitration will be conducted in English and decided by a single arbitrator unless the law of the country where the Restaurant is located requires three (3) arbitrators. Any

court having jurisdiction may enter judgment on the arbitrator's award. Except as provided to this Agreement, a party must commence and pursue arbitration to resolve Disputes before commencing legal action."

9. On September 3, 2009, Plaintiff filed a Demand for Arbitration with the International Centre for Dispute Resolution alleging Defendants breach of paragraphs 2 and 5.i. of the Franchise Agreement for failure to pay royalty and advertising fees in a timely fashion to SIBV. In response, Defendants filed Defenses and Counterclaims with the International Centre for Dispute Resolution.

10. Upon review and consideration of all Claims and Defenses raised by Plaintiff and Defendants, the International Centre for Dispute Resolution issued a Final Award dated August 2, 2010. A copy of which is attached as Exhibit B.

11. Pursuant to said Award, the Franchise Agreement between Plaintiff and Defendants was terminated, the Plaintiff was awarded the sum of 9,498.10 Euros for the outstanding royalties and the sum of 4,370.80 Euros for the outstanding advertising fees for a total of 13,868.90 Euros and the Defendants were awarded 5,600.00 Euros for the costs of document production and translation. The net amount of 8,268.90 Euros was to be paid to Plaintiff within thirty (30) days from the date of transmittal of the Award.

12. In compliance with the Award, Plaintiff received 8,268.90 Euros from the Defendants on September 20, 2010.

13. Based on the above, although payment has been received, Plaintiff seeks confirmation of the Final Award, inter alia, termination of the Defendant's Franchise Agreement.

WHEREFORE, Plaintiff prays:

1. The Award be confirmed, including but not limited to the termination of Franchise Agreement 33926.
2. An order be issued directing the Defendants to appear on a date certain to show cause, if there be any, why this application should not be granted;
3. Such further relief as the court deems appropriate.

Dated at Milford, Connecticut, October 28, 2010

PLAINTIFF,
SUBWAY INTERNATIONAL B.V.

Kristin L. Corcoran
CT 13892
Franchise World Headquarters, LLC
325 Bic Drive
Milford, CT 06461
(203) 877-4281 extension 1565

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by Federal Express Number 794023670555 to the Clerk of the U.S. District Court, District of Connecticut, 141 Church Street, New Haven, Connecticut 06510 and by Federal Express Number 796391775267 to Panayota Bleta, Mayromihaleon 36, Halandri-Athens, Greece 15233 and by Federal Express Number 796392021209 to John Bletas, Pittaki 11-13, Psirri-Athens, Greece 10554 this 28th of October, 2010.

_____
Kristin L. Corcoran
CT 13892
Franchise World Headquarters, LLC
325 Bic Drive
Milford, CT 06461
(203) 877-4281 extension 1565

5