**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FILED
2011 FEB -7 A 10: 54
U.S. DISTRICT COURT
NEW HAVEN, CT

Subway International B.V
World Franchise Headquarter's
325 Bic Drive,
Milford, CT 06461 U.S.A
"Plaintiff"

Vs.

Panayota Bletas
John Bletas                        February 4th , 2011
Laskareos 48,
114 72 Athens, Greece
"Defendants"

**Case No. 3 : 10 –cv- 1714 pcd**

### MOTION TO DISMISS

### APPLICATION TO CONFIRM ARBITRATION AWARD

1. The Defendant's move this Court to dismiss the Application to Confirm due to A) lack of jurisdiction and B) intentional invalid service of process and papers and C) fraud on this Court on parties.

2. This action is to oppose and to show cause why "Plaintiffs" Application to Confirm an Arbitration Award dated October 28th, 2010 must be denied.

3. Subway International BV, referred as the "Plaintiff" filed an Application to Confirm an Arbitration Award on October 29th, 2010 against Panayota Bletas and John Bletas, referred as the "Defendants", praying that :

1

1. The award is confirmed, including but not limited to the termination of the Franchise Agreement 33926.

2. An order be issued directing the Defendant to appear on a date certain to show cause, if there be any, why this application should not be granted, and

3. Such further relief as the court deems appropriate.

**The "Defendants" oppose to the above Application to Confirm and requests that the Honorable Judge should not grant this due to the following TRUE facts that "Plaintiff" intentionally and deceivingly concealed committing FRAUD ON THIS COURT:**

## 1) LACK OF JURISDICTION

In accordance to Title 9 paragraph 9 of the US Federal Arbitration Act "...*if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and* **thereupon the court must grant such an order unless the award is vacated, modified, of corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which the award was made**. ...".

"Defendants" Panayota Bletas and John Bletas filed on September 10th, 2010 before the Supreme Court of the State of New York, County of New York (as the competent Court having jurisdiction as the Awards were issued in New York), within the time limit of three (3) months after the award was issued, **Notice of Petition to Vacate the Final Award of Arbitrator issued on August 2nd, 2010 in New York** **(See Exhibit "A and B")**

Notice of Petition, Verified Notice of Petition, Memorandum of Law in Support of her Motion and Request For Judicial Intervention, all dated September 10th, 2010 and Index No. 111997-10, were legally served to the "Plaintiff" on the same date via FedEx (Track No. 793900946707) by "Defendant's" authorized Attorney Angie – Joan Manolis, who verified the service of papers **(See Exhibit "C").**

"Plaintiffs'" Attorney Kristin Corcoran expressed her full knowledge of receipt of all documents on October 4th, 2010 via e-mail to "Defendants" Attorney Angie – Joan Manolis **(See Exhibit "D").**

Despite the fact that "Plaintiff" knew that an action was filed and pending before the competent Supreme Court of the State of New York, County of New York, that has without any doubt jurisdiction, to Vacate the Final Award of Arbitrator dated August 2nd, 2010, **blocking any other procedure concerning the same case and parties**, Plaintiff illegally and deceivingly filed an action before the United States District Court for the District of Connecticut requesting confirmation of the same Final Award of Arbitrator dated August 2nd, 2010!!!!!!!!!!!!!!!!!!!!!!!!!.

The current status of Defendant's Petition to vacate the arbitration award is PENDING before the Supreme Court in New York, New York County (Article 75-Arbitration) under Index. No. 116156-10.

Therefore, the above Application for Confirmation should not be granted due to lack of jurisdiction and to avoid the issuance of two (2) contradictory judgments concerning the same parties and case, since prior to the filing of the above Application, "Defendants" have filed a Notice and Verified Notice of Petition to Modify or Vacate the Final Award of Arbitrator dated August 2nd, 2010 before the Supreme Court of the State of New York, County of New York, blocking all other procedures.

Even if, the Honorable Judge decides that "Plaintiff" has the right to file such action, despite the above, this action should have been filed before the Supreme Court of the State of New York, County of New York as the Final Award of Arbitrator was issued in New York.

Last but not least, it must be taken into consideration that "Plaintiff" has not appeared nor filed any submissions concerning the case pending in New York until October 22, 2010 (return date), as obligated, and by concealing such critical and important information from the Honorable Judge and Court in the District of Connecticut, both "Plaintiff" and Attorney Kristin Corcoran, who knowingly participated in such "scheme" have committed FRAUD ON THE COURT!!!!!!

## 2) INTENTIONAL INVALID SERVICE OF PAPERS

In the above Notice and Verified Notice of Petition dated September 1oth, 2010 , "Defendants" Panayota Bletas and John Bletas have stated that

their mailing address is : LASKAREOS 48, 114 72 ATHENS GREECE (their lawyer's law firm address) .

They proceeded in such way since it is possible for them to receive full knowledge on time of all papers served to them as after "Plaintiff" forced them to close down her store and the economic catastrophe they have suffered due to "Plaintiff's" bad faith and illegal behavior, they are not economically eligible to have a permanent residence.

"Plaintiff" was at full knowledge at the time of service of this address and of their Attorney's address Angie Joan Manolis, as she had communicated with the latter via e-mail on October 4th, 2010.

It is a fact that "Defendants" accidentally came across those papers and was at risk of not being able to exercise their legal rights on time. "Plaintiff" knew that this would be possible and that is why its Attorney Kristin Corcoran intentionally served the papers to an officially incorrect address so "Defendants" would not find out on time.

With this unlawful action by "Plaintiff" and the knowingly participation of its Attorney Kristin Corcoran, who signed such Certification of Service, the purpose of service is subverted and the administration of justice is threatened to be disrupted.

**Again, the Honorable Judge must review the fact that service is also invalid if the "Defendant" has been enticed into the jurisdiction by fraud. Courts have ruled that luring a potential "Defendant" into the state in order to serve him with process when NO GROUNDS EXIST TO ASSERT JURISDICTION OVER HIM in that state violates the individual' s**

**right to due process of law. This type of service is also considered null and void.**

Therefore, in accordance to the above, as Defendants were lured without grounds in the jurisdiction of Connecticut, "Defendants" cite no authority permitting the District Court of Connecticut to authorize an action to go forward upon an invalid service of process and the Application to Confirm the Arbitration Award should not be commenced.

**3)** "Plaintiff" alleges in page 3 paragraph 12 of the Application that "...*in compliance with the Award, Plaintiff received 8,268.90 Euros from the Defendant on September 20th, 2010..*"

Plaintiff **falsely** states that Defendant in compliance with the Award paid them since the Final Award dated August 2nd, 2010 ordered payment within thirty (30) days of the transmittal of the Award. The Award was transmitted to "Defendant's" Attorney Angie – Joan Manolis on the same date (August 2nd, 2010) and payment was made on September 20th, 2010.

Defendant's payment cannot in anyway be considered acknowledgement of the Final Award dated August 2nd, 2010, as prior to payment "Defendants' filed the Notice of Petition and Verified Petition dated September 10th, 2010 to Vacate the above Award. "Defendant's" TRUE INTENSION this action was to limit the existing damages and the total sums owed to "Plaintiff" in full of 13,868.90 euros since "Defendant's never denied that they owed the whole sum of 13.868, 90 Euros to "Plaintiff" for the delayed payment of royalties and advertising fees.

"Defendants" request that Plaintiff's Application to Confirm be dismissed due to lack of jurisdiction and intentional invalid service of process.

"Defendants" reserve all legal rights to amend this Opposition and submit further documentary evidence to support all allegations.

Respectfully submitted,

Panayota Bletas
John Bletas
Laskareos 48, Athens
114 72 Greece
Tel. (country code) 210 6432010
Cell No. (country code) 6937 464545
e-mail 1: ajmanolis@hotmail.com
e-mail 2: ajmanoli@otenet.gr

## CERTIFICATE OF SERVICE

I hereby certify that on February 4th, 2011, a copy of the foregoing Motion to Dismiss was filed electronically and by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Panayota Bletas